NOT DESIGNATED FOR PUBLICATION

No. 123,679

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PATTON BENJAMIN MILLS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Barton District Court; CAREY L. HIPP, judge. Opinion filed December 10, 2021. Affirmed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., ATCHESON, J., and WALKER, S.J.

PER CURIAM: Patton Benjamin Mills appeals the revocation of his probation and imposition of his underlying prison sentence, claiming the district court abused its discretion. After a review of the record, we affirm.

For a crime he committed on October 27, 2014, and pursuant to a plea agreement with the State, Mills pleaded no contest to possession of marijuana with intent to distribute. The district court sentenced Mills to 98 months' imprisonment but granted him a dispositional departure to probation for 36 months.

1

Mills violated the terms of his probation numerous times. On May 7, 2015, Mills admitted to violating his probation, waived his right to hearing, and agreed to a two-day intermediate jail sanction. On June 18, 2015, Mills again admitted to violating his probation, waived his right to a hearing, and agreed to undergo an intake assessment at a counseling center and follow its recommendations. Mills also agreed to serve a 10-day jail sanction. At a February 12, 2016 probation violation hearing, Mills stipulated to violating his probation, and the district court imposed a 120-day intermediate prison sanction.

At a second probation violation hearing conducted on October 28, 2016, Mills admitted to violating his probation, and the district court ordered him to complete inpatient treatment. On April 3, 2017, at a third probation violation hearing, Mills again admitted to violating the terms and conditions of his probation, and the district court ordered he remain in custody until he could be admitted to the Oxford House for treatment. On December 7, 2017, Mills admitted to two probation violations and agreed to a two-day intermediate jail sanction.

At a fourth probation violation hearing on June 15, 2018, after hearing evidence, the district court found Mills in violation of the terms and conditions of his probation. The district court imposed a 180-day intermediate prison sanction and extended Mills' probation term by 2 years.

Finally, at a fifth probation revocation hearing conducted on July 21, 2020, the State alleged and presented evidence that Mills had violated the terms and conditions of his probation by, among other things, committing a new crime. The State's witnesses testified Mills placed his hands around his brother's throat, making it hard for his brother to breathe. The district court found Mills had committed a new crime, either battery or aggravated battery, and had additionally violated his probation by missing mental health sessions and not reporting. As a result, the district court revoked Mills' probation and

imposed his underlying prison sentence. In reaching this conclusion, the district court cited Mills' previous intermediate sanctions, the fact that he had been given a chance at probation as a result of a dispositional departure, and the fact that Mills had committed a new crime while on probation by attacking a family member. Given Mills' multiple failures on probation, the district court concluded that the appropriate action was revocation.

Mills now appeals, arguing the district court abused its discretion by revoking his probation and ordering him to serve his underlying prison sentence. Once a probation violation has been established, the decision to revoke probation is within the sound discretion of the district court. See *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020); *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). A district court abuses its discretion if it bases its decision on legal or factual errors or if no reasonable person would agree with its decision. *State v. Ballou*, 310 Kan. 591, 615, 448 P.3d 479 (2019). Mills bears the burden to show an abuse of discretion by the district court. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

In this case, the district court's discretion on whether to revoke probation was limited by the intermediate sanctions outlined in K.S.A. 2014 Supp. 22-3716. According to the law in effect at the time Mills committed his crime, a district court was required to impose graduated intermediate sanctions before revoking an offender's probation. See K.S.A. 2014 Supp. 22-3716(c); *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997 (2015). Intermediate sanctions included a 2-day or 3-day sanction of confinement in a county jail, a 120-day prison sanction, or a 180-day prison sanction. K.S.A. 2014 Supp. 22-3716(c)(1)(B), (C), (D). Under these limitations, the district court may revoke probation and order a violator to serve the balance of his or her original sentence only after both a jail sanction and a prison sanction had been imposed. K.S.A. 2014 Supp. 22-3716(c)(1)(E). But there are exceptions which permit a district court to revoke a defendant's probation without having previously imposed the statutorily required

3

intermediate sanctions. One exception allows the district court to revoke probation without imposing sanctions if "the offender commits a new felony or misdemeanor . . . while the offender is on probation . . . ." K.S.A. 2014 Supp. 22-3716(c)(8).

Mills shotguns a number of arguments as to why he thinks the district court erred, among them being the district court erred by failing to make specific findings to support the public safety exception to the intermediate sanctions requirement as required by K.S.A. 2014 Supp. 22-3716(c)(9), and the district court erred by its reference to his dispositional departure as that exception did not yet exist at the time he committed his original crime. See K.S.A. 2017 Supp. 22-3716(c)(9)(B) (intermediate sanctions not required if probation originally granted as result of dispositional departure); *Coleman*, 311 Kan. at 337 (holding dispositional departure exception "applies only to probationers whose offenses or crimes of conviction occurred on or after July 1, 2017"). See generally K.S.A. 2014 Supp 22-3716(c) (listing intermediate sanctions for probation violations). Mills also argues no reasonable person would agree with the district court's decision to impose his 98-month underlying sentence given his mental health issues.

The State counters the district court did not need to satisfy any exception to the intermediate sanctions requirement because Mills received the all the required intermediate sanctions. Moreover, the State argues that Mills' many probation violations and his commission of a new crime were sufficient to justify the district court's revocation of his probation. We agree.

It is undisputed, and Mills concedes, that he received all the required intermediate sanctions before the district court revoked his probation. The district court also found Mills had committed a new crime while on probation, which provides further legal authority for revocation. Thus, Mills' arguments concerning the import of his receiving a dispositional departure or whether the district court made adequate public safety findings are immaterial. The district court had the legal authority to revoke Mills' probation and

4

impose his underlying prison sentence. As to the wisdom of the district court's decision, the numerous reasons it cited were not for the purpose of invoking its authority to revoke probation but to explain why revocation was appropriate. The district court referred to the facts that Mills had been given grace at his original sentencing due to being granted a dispositional departure to probation, his commission of a new crime—a violent one committed against a family member, and his numerous probation violations to show that Mills was a public safety risk and that Mills had squandered his opportunities during probation. We have no trouble concluding that a reasonable person could agree with the district court's decision to revoke Mills' probation and impose his underlying prison sentence.

Affirmed.